**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| RICHARD J. ISOLDE, Individually and on Behalf of All Others Similarly Situated, | § § § § § § § § § § § § | Case No. 3:15-cv-02093-K<br><br>ECF<br><br>Judge Ed Kinkeade |
| Plaintiff, | | |
| v. | | |
| TRINITY INDUSTRIES, INC., TIMOTHY R. WALLACE, JAMES E. PERRY, and GREGORY B. MITCHELL, | | |
| Defendants. | | |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO STAY AND ADMINISTRATIVELY CLOSE PROCEEDINGS PENDING FIFTH CIRCUIT APPEAL**

| | |
|---|---|
| SIDLEY AUSTIN LLP | HEDRICK KRING, PLLC |
| Yvette Ostolaza<br>State Bar No. 00784703<br>yvette.ostolaza@sidley.com<br>Angela C. Zambrano<br>State Bar No. 24003157<br>angela.zambrano@sidley.com<br>Michelle Hartmann<br>State Bar No. 24032402<br>mhartmann@sidley.com | Joshua L. Hedrick<br>State Bar No. 24061123<br>josh@hedrickkring.com |
| SIDLEY AUSTIN LLP | HEDRICK KRING, PLLC |
| 2001 Ross Avenue, Suite 3600<br>Dallas, Texas 75201<br>Ph: (214) 981-3300<br>Fax: (214) 981-3400 | 1700 Pacific Avenue, Suite 4650<br>Dallas, Texas 75201<br>Phone: (214) 880-9605<br>Fax: (214) 481-1844 |
| *Attorneys for Defendants*<br>*Trinity Industries, Inc., Timothy R.*<br>*Wallace, James E. Perry, and*<br>*Gregory B. Mitchell* | *Attorney for Defendant*<br>*Trinity Industries, Inc.* |

I.  ARGUMENTS AND AUTHORITIES

Plaintiffs[1] represented to the Court that the Harman Case and this case "turn on the [same] central allegations" and "center on the same subject matter." (Mot. at 3-4, fn.2.) Of course, that was when they were asking this Court to transfer the case to the Eastern District. They now do an about face and contend that a connection between the Harman Case and this case is an "illusion" created through "artificial efforts." (Resp. at 7.) And they do so after amending their Complaint *to rely more heavily on the Harman Case*. In that regard, while the initial *Isolde* complaint did not focus as much on the Harman Case, a cursory review of a redline comparison between that initial complaint and the current complaint makes clear how much more extensively Plaintiffs now rely upon the Harman Case. (*Compare Isolde* Complaint, ECF No. 1, *and* Consolidated Compl., ECF No. 108, App. at 1-186.) For example, it was not until the Consolidated Complaint that Plaintiffs first claimed that Trinity misled the investing public concerning its likelihood of appellate success in the Harman Case and violated accounting rules in deciding whether to take a legal reserve for the Harman Case. *Id.* Plaintiffs' recent amendment attempts to make the Harman Case the foundation of their allegations.

Further, Plaintiffs refuse to stand on their current complaint following publication of the Fifth Circuit's ruling in the Harman Case. In light of the applicable legal standard and the decisions of former Chief Judge Fitzwater, Judge Furgeson, and Chief Judge Lynn, Defendants ask the Court to exercise its discretion and grant the Motion to Stay and Administratively Close Proceedings Pending Fifth Circuit Appeal or, at a minimum, grant a seven-month stay in the

---

[1] Lead Plaintiffs are hereinafter referred to as "Plaintiffs." *United States ex rel. Joshua Harman v. Trinity Industries, Inc.*, 2:12-cv-0089-JRG (E.D. Tex.), now pending on appeal in the United States Court of Appeals for the Fifth Circuit, is herein after referred to as the "Harman Case."

interest of judicial economy so that the appeal can proceed and the Court can have a better basis to determine when Defendants' impending motion to dismiss should be filed.

      A.      <u>Plaintiffs' pleas of mischaracterization fall flat</u>.

As an initial matter, Defendants did not misrepresent Plaintiffs' position with respect to their intentions vis-à-vis amending the Consolidated Complaint following publication of the Fifth Circuit's ruling in the Harman Case appeal. As Defendants stated in their Motion, when Plaintiffs' counsel were asked whether they intended to amend their Complaint following a decision by the Fifth Circuit, "Plaintiffs stated that they would not (and could not) agree to proceed with the Consolidated Complaint regardless of the Fifth Circuit ruling." (Mot. at 6.) That is not a misrepresentation or "logically flawed." (Resp. at 6.) It is the truth, and Plaintiffs, as is their right, have been consistent in refusing to agree not to seek leave to file another complaint after the Fifth Circuit rules. If they truly wanted to avoid wasting resources as they indicate in the Response, they would simply agree to be bound by their current Consolidated Complaint. Common sense dictates that the Plaintiffs will seek to adjust their allegations following a ruling by the Fifth Circuit.

      B.      <u>The case law cited by Defendants is persuasive and compelling, and Plaintiffs fail to distinguish this case law</u>.

In recognition that they have no case law actually on point to cite in support of their argument against the utility of a stay here, Plaintiffs go on the offensive and contend that Defendants stretch the holdings in three decisions:

1. *Inclusive Comtys. Project, Inc. v. Tex. Dep't of Hous. & Cmty. Affairs*, No. 3:08-CV-0546-D, 2014 WL 2815683 (N.D. Tex. June 23, 2014) (Fitzwater, C.J.) (App. at 187-189);

2. *United States v. Range Prod. Co.*, 793 F. Supp. 2d 814 (N.D. Tex. 2011) (Furgeson, J.); and

3. *Greco v. NFL*, 116 F. Supp. 3d 744 (N.D. Tex. 2015) (Lynn, J.).

In each instance, Plaintiffs point to the similarity of the claims in the lower court and those in the appellate proceeding to argue that the distinguishing factor between such cases and the instant case is the lack of factual similarity in the instant case, thus rendering the cited cases inapposite. Plaintiffs make this argument in conflict with their previous representations to this Court that the Harman Case and this case "turn on the [same] central allegations" and "center on the same subject matter." (Mot. at 3-4, fn.2.)  Plaintiffs' argument fails.

<u>First</u>, in the *Inclusive* case, then-Chief Judge Fitzwater stayed the case pending the disposition of a writ of certiorari so that the Supreme Court could review the Fifth Circuit's decision that a violation of the Fair Housing Act (the "FHA") could be shown through disparate impact (rather than proof of intentional discrimination).  2014 WL 2815683, at *2.  Judge Fitzwater recognized that although he had clear and binding guidance from the Fifth Circuit that disparate proof was sufficient to make the claim viable, he might waste judicial and party resources if he did not stay the case:

> Although this court now has the benefit of *an unequivocal, binding decision of the Fifth Circuit confirming that a disparate impact claim* is available under the FHA and adopting a specific proof regimen and standard, given the Supreme Court's recent inclination to decide whether an FHA disparate impact claim is even available … -the court concludes in its discretion that this case should be stayed pending the outcome of [the plaintiff's] petition.

*Id*.  The court's concerns in *Inclusive*—mainly, wasting resources to brief and adjudicate allegations that may not be viable after the appeal—are present in this case.  *Id*.

Here, Plaintiffs allege that Trinity misled the investing public concerning its outlook on success in the Harman Case.  (Compl. ¶¶ 221-48, ECF No. 108) (alleging that Trinity misled the investing public by stating the "Company [would] incur[] some financial loss related to the ET-Plus litigation" and alleging that "Trinity understated and failed to properly accrue litigation

3

reserves for the verdict and judgment rendered in the Whistleblower Action [the Harman Case], in violation of ASC 450"). These allegations that Trinity failed to warn adequately the investing public about or properly reserve for an adverse outcome in the Harman Case will be severely impacted and potentially go away if the Fifth Circuit reverses or vacates the adverse judgment on which the allegations are based.[2] Thus, the parties and the Court can avoid considerable efforts to brief and determine the sufficiency of these allegations that ultimately may be unnecessary.

While contending now that "the Fifth Circuit's ruling will not alter *the underlying factual record*," (Resp. at 7), Plaintiffs do not contest that the Fifth Circuit's ruling may alter the legal viability of the False Claims Act (the "FCA") liability claim in the Harman Case. In that regard, the FHWA has said – repeatedly – that the ET Plus guardrail end terminal system is (and has always been) approved for federal-aid reimbursement. To that effect, the FHWA issued a Memorandum on its official website on June 17, 2014, stating that "[a]n unbroken chain of eligibility for Federal-aid reimbursement has existed since September 2, 2005 and the ET Plus continues to be eligible today." *See* FHWA Memorandum, *Information: ET Plus W-Beam Guardrail Terminal*, dated June 17, 2014. Trinity contends that it should have prevailed in the Harman Case for numerous reasons, including but not limited to Trinity's argument that the FHWA's continuous acceptance of the ET Plus negated the required elements of Harman's claim. Similar to the situation confronted by Judge Fitzwater in the *Inclusive* case, the important legal issue concerning whether an FCA claim is viable when the relevant federal agency approved eligibility for the product is currently before the appellate court and will be ripe next

---

[2] To be clear, Defendants' position is that even if the Fifth Circuit affirms, the Consolidated Complaint must be dismissed because it fails to state a claim under Federal Rule of Civil Procedure 9(b), the PSLRA, and numerous precedents from and within the Fifth Circuit. But if the Fifth Circuit reverses, the parties will not have to brief, and the Court will not have to address, numerous allegations relating to the claims surrounding the Harman Case.

month (July 2016).  The Fifth Circuit previously denied Trinity's petition for writ of mandamus, but stated that:

> FHWA's authoritative June 17, 2014 letter seems to compel the conclusion that the FHWA, after due consideration of all the facts, found the defendant's product sufficiently compliant with federal safety standards and therefore fully eligible, in the past, present and future, for federal reimbursement claims.  ***While we are not prepared [to so rule by mandamus], a strong argument can be made that the defendant's actions were neither material nor were any false claims based on false certifications presented to the government.***

*See United States ex rel. Joshua Harman v. Trinity Indus., Inc.*, No. 14-41067, slip opp., at *1-2 (5th Cir. Oct. 10, 2014) (per curiam) (emphasis added) (App. at 190-191).

Second, in *Greco v. National Football League*, Judge Lynn granted a request to stay because the issues in a separate appeal "will very likely bear on this case."  116 F. Supp. 3d at 761.  Contrary to Plaintiffs' assertion, it is of no import that the plaintiff in *Greco* filed the request to stay rather than the defendants, as the relevant consideration for the Court is the "interests of the parties and potential conservation of judicial resources."  *Id*.  Plaintiffs should not now be permitted to argue that the instant case and the Harman Case are insufficiently related in comparison with *Greco*, when they have repeatedly extolled the similarities between the Harman Case and this case in other briefs, (*see, e.g.* Mot. at 3-4, fn.2), and relied even more heavily on the Harman Case in their Consolidated Complaint.  The court in *Greco* not only found it instructive to take the non-movants' previous positions into consideration, but also found it persuasive to evaluate the NFL's opposition to the stay request in the context of statements previously made in earlier briefing.  116 F. Supp. 3d at 761.

Third, in *Range Production,* Judge Furgeson stayed the case before him sua sponte pending a Fifth Circuit appeal because, at a minimum, the Fifth Circuit's decision could "provide

the Court with guidance" for use in the lower court case and would prevent the expense of "substantial resources for naught." 793 F. Supp. 2d at 824.

Of note, throughout the Consolidated Complaint, Plaintiffs allege that Defendants mischaracterized that a loss was not probable on the FCA liability claim; failed to reveal that Trinity faced "significant financial liabilities and exposure" from the FCA liability claim; and made "false and misleading assertion[s] that the Whistleblower Action [the FCA liability allegations] were without merit." (Compl. ¶¶ 183, 193, 205, ECF No. 108.) If the Fifth Circuit finds that the FCA claim is not viable in the presence of the FHWA's continued and repeated affirmation of federal reimbursement eligibility for the ET Plus system, it strains credulity how such a ruling would *not* affect Plaintiffs' allegations that Trinity "mischaracterized" the viability of Harman's FCA claim. Whether there can be FCA liability for Trinity in the Harman Case clearly is "likely [to] bear on this case," and there is every reason to expect that the Fifth Circuit's decision in the Harman Case will reach that issue. *See Greco*, 116 F. Supp. 3d at 761; *see also Range Prod.*, 793 F. Supp. 2d at 824 (holding that a stay is appropriate pending a Fifth Circuit appeal when the decision "has the *potential* to provide the necessary guidance" for litigation) (emphasis added). Accordingly, as another court has done in staying a case against Trinity and referring to the Harman Case pending the Fifth Circuit appeal in the process, this Court should grant a stay. (*See, e.g., Commonwealth of Virginia ex rel. Joshua Harman v. Trinity Industries, Inc.*, Case No. CL13-698 (Va. Cir. Ct.), App. at 192).

    C.    <u>The cases cited by Plaintiffs and the standard used in those cases are inapplicable because they deal with bankruptcy stays and urgent matters where time is of the essence</u>.

Implicitly recognizing that they have no binding case law to refute the efficacy of a stay, not only do Plaintiffs fail to distinguish cases cited by Defendants, but also Plaintiffs resort to reliance upon inapplicable case law that is mischaracterized in their Response. Plaintiffs attempt

6

to persuade the Court into believing that this authority is relevant merely because the decisions reference the words "stay" and "deny."

For instance, Plaintiffs rely upon cases dealing with the "automatic stay" under the Bankruptcy Code and the doctrine of abstention, *see, e.g.*, *Colorado River Water Conservation District v. United States*, 96 S. Ct. 1236 (1976) (holding that dismissal of case by district court on grounds that the doctrine of abstention required deference to proceedings in state court was inappropriate),[3] as well as cases where extraordinary issues of urgency were at play, none of which apply whatsoever to this case.  *See Supermedia v. Bell*, No. 3:12-CV-2034-G, 2012 U.S. Dist. LEXIS 158133, at *10 (N.D. Tex. Nov. 2, 2012) ("The proposed amendments to SuperMedia's health and welfare benefits plans for retirees are substantial and time-sensitive, and the sooner both the company and its employees gain certainty about their potential effect, the better able they will be to plan for them."); *In re Ramu Corp.*, 903 F.2d 312, 319-20 (5th Cir. 1990) (civil forfeiture actions dealing with seized property).[4]  These cases involve issues not present in the securities case before the Court, and they are not persuasive in the context of a securities case under the PSLRA, where discovery is stayed and alleged statements in public filings that relate directly to litigation that is now on appeal are at issue.

---

[3] *See also Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541 (5th Cir. 1983) (denying a request to extend "automatic stay" under Bankruptcy Code); *In re Aweco, Inc.*, 725 F.2d 293 (5th Cir. 1984) (discussing "automatic stay" in context of a bankruptcy court's approval of a settlement); *ROI Grp., Inc. v. Stull*, No. 15-cv-2670, 2016 U.S. Dist. LEXIS 64529 (N.D. Tex. May 17, 2016) (discussing motion for abatement in favor of a prior-pending matter); *Vantage Point Tech., Inc. v. Amazon.com*, No. 13-cv-909, 2015 U.S. Dist. LEXIS 675, at *7 (E.D. Tex. Jan. 6, 2015) (denying request to abate in favor of second-filed suit pursuant to "consumer-suit" exception to first-to-file rule).

[4] *See also D'Angelo v. Pintado*, No. 09-3667, 2009 U.S. Dist. LEXIS 118914, at *5-7 (E.D. La. Dec. 1, 2009) (Section 1983 claim alleging physical and sexual assault); *Lewis v. City of Garland*, No. 05-CR-0683, 2005 U.S. Dist. LEXIS 23855 (N.D. Tex. Oct. 14, 2005) (declining to stay gender discrimination and retaliation case pending criminal matter involving plaintiff because "whether she was indicted is of no moment insofar as the disciplinary action and termination are concerned"); *United States ex. rel. Gonzalez v. Fresenius*, 571 F. Supp. 2d 758 (W.D. Tex. Aug. 14, 2008) (denying to stay retaliatory discharge claim pending criminal investigation because "a criminal indictment has not been proven to be imminent"); *Hernandez v. Fincher*, No. 04-cv-1084, 2005 U.S. Dist. LEXIS 7694, at *6-7 (N.D. Tex. April 29, 2005) (same where, after almost two years, no indictments had been returned and defendants' Fifth Amendment rights were not at risk).

Shorn of this irrelevant authority, Plaintiffs' main contention is that, if this Court grants a stay, "the underlying facts will continue to age, memories will fade, [and] documents will be lost or destroyed." (Resp. at 2.) But Plaintiffs are unable to cite to any specific examples of how "facts will continue to age" in a meaningful way in this case.

The underlying qui tam action that features so prominently in Plaintiffs' securities allegations relates to 2005 modifications in the ET Plus system, a guardrail end terminal product. Since the modifications to the ET Plus system are over a decade old, a brief seven-month stay will not exponentially age the issue. And the modifications, as well as numerous successfully-conducted crash tests, in-service performance, and related product evaluations by the FHWA, in conjunction with the American Association of State Highway and Transportation Officials, have been the subject of significant discovery, so this is not a situation where discovery will disappear.

Plaintiffs also argue that they have a "strong interest in expeditiously proceeding with their efforts to obtain recompense for damages," but they offer no information about what these "strong interests" are or how they outweigh the interest in preventing the waste of judicial and party resources here. (Resp. at 4.) As in *Range Production*, "there are no individuals or properties that are in immediate danger and require the Court's immediate intervention" here. 793 F. Supp. 2d at 824.

Finally, Plaintiffs suggest that the case must go forward because it has been pending for more than a year. But Defendants are *not* the cause of this delay. As this Court is well aware, in a case of forum shopping, the plaintiffs in the various securities cases worked together to dismiss two cases originally filed in this Court and then moved to transfer *Isolde* to the Eastern District. Only after extensive briefing and determinations by this Court and the Eastern District court

8

were the securities cases consolidated in this Court, where Trinity is headquartered and all of the Individual Defendants reside and work.

## II.     CONCLUSION AND REQUESTED RELIEF

Defendants respectfully request that the instant case be stayed and administratively closed pending the resolution of Trinity's appeal of the judgment entered by the United States District Court for the Eastern District of Texas in the federal qui tam action, *United States ex rel. Joshua Harman v. Trinity Industries, Inc.*, 2:12-cv-0089-JRG (E.D. Tex.), and further order of this Court.  Alternatively, Defendants request the case be stayed and administratively closed for seven months (through January 16, 2017) such that the Harman Case can progress, and the Court can set deadlines for Defendants' impending motion to dismiss in January 2017.

Dated: June 27, 2016

Respectfully submitted,

| | |
|---|---|
| SIDLEY AUSTIN LLP | HEDRICK KRING, PLLC |
| /s/ Michelle Hartmann | /s/ Joshua L. Hedrick |
| Yvette Ostolaza | Joshua L. Hedrick |
| State Bar No. 00784703 | State Bar No. 24061123 |
| yvette.ostolaza@sidley.com | josh@hedrickkring.com |
| Angela C. Zambrano | |
| State Bar No. 24003157 | |
| angela.zambrano@sidley.com | |
| Michelle Hartmann | |
| State Bar No. 24032402 | |
| mhartmann@sidley.com | |
| | |
| SIDLEY AUSTIN LLP | HEDRICK KRING, PLLC |
| | |
| 2001 Ross Avenue, Suite 3600 | 1700 Pacific Avenue, Suite 4650 |
| Dallas, Texas 75201 | Dallas, Texas 75201 |
| Ph: (214) 981-3300 | Phone: (214) 880-9605 |
| Fax: (214) 981-3400 | Fax: (214) 481-1844 |
| | |
| *Attorneys for Defendants Trinity Industries, Inc., Timothy R. Wallace, James E. Perry, and Gregory B. Mitchell* | *Attorney for Defendant Trinity Industries, Inc.* |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 27, 2016, I electronically filed the above Reply to Motion to Stay and Administratively Close Proceedings Pending Fifth Circuit Appeal using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

                                        /s Michelle Hartmann
                                        Michelle Hartmann