UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD J. ISOLDE, Individually and on Behalf of All Others Similarly Situated, | § | Civil Action No. 3:15-cv-02093-K |
| | § | **(CONSOLIDATED)** |
| | § | |
| Plaintiff, | § | CLASS ACTION |
| | § | |
| vs. | § | Judge Ed Kinkeade |
| | § | |
| TRINITY INDUSTRIES, INC., et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**STIPULATION OF SETTLEMENT**

This stipulated Settlement Agreement dated September 23, 2019 (the "Stipulation" or the "Settlement Agreement") embodies a settlement (the "Settlement") made and entered into by and among the following Settling Parties: (i) Plumbers and Pipefitters National Pension Fund ("Plumbers and Pipefitters"), United Association Local Union Officers & Employees' Pension Fund (the "UA Fund"), and the Department of the Treasury of the State of New Jersey and its Division of Investment ("New Jersey") (collectively, Plumbers and Pipefitters, the UA Fund, and New Jersey are hereinafter referred to as "Lead Plaintiffs" or "Plaintiffs"), on behalf of themselves and each of the Class Members, and (ii) Defendants Trinity Industries, Inc. ("Trinity" or the "Company"), Timothy R. Wallace, James E. Perry, and Gregory B. Mitchell (collectively, "Defendants"), by and through their counsel of record in the above-captioned consolidated litigation (the "Action") pending in the United States District Court for the Northern District of Texas (the "Court"). Subject to the approval of the Court, this Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Plaintiffs' Claims and Released Defendants' Claims, upon and subject to the terms and conditions hereof, without any admission or concession concerning the merits, or lack thereof, of any claim or defense by Lead Plaintiffs or Defendants. Throughout this Stipulation, all capitalized terms used, but not immediately defined, have the meanings given to them in Section IV.1, *infra*.

## I. THE LITIGATION

A. The Action is currently pending before the Honorable Ed Kinkeade in the United States District Court for the Northern District of Texas and was brought on behalf of all persons and entities who purchased or otherwise acquired Trinity common stock between February 16, 2012 and April 24, 2015, inclusive (the "Class Period"), and were damaged thereby. The initial complaint was filed on April 27, 2015. On March 8, 2016, the Court appointed Plumbers and Pipefitters, the UA Fund, and New Jersey as Lead Plaintiffs and Robbins Geller Rudman & Dowd

LLP, Lowenstein Sandler LLP, and Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel. On May 11, 2016, Lead Plaintiffs filed the Consolidated Complaint for Violations of the Federal Securities Laws ("Complaint"), which alleges that during the Class Period, Defendants made false and misleading statements to investors regarding changes made in 2005 to Trinity's ET-Plus guardrail system, and that such statements artificially inflated Trinity's stock price.

B. From the outset of the Action, Defendants have denied all of these allegations and consistently maintained that they never made any statement to the market that was false or misleading, nor did they ever direct anyone to make public statements that were false or misleading. Defendants believed at the time and still believe that, during the Class Period and at all other times, Trinity's public statements were truthful, accurate, and not misleading, and that Plaintiffs cannot prove any element of securities fraud, including, but not limited to, falsity, scienter, and loss causation.

C. On June 14, 2016, Defendants filed a motion to stay and administratively close proceedings pending Trinity's appeal to the Fifth Circuit Court of Appeals of a related *qui tam* judgment in *United States ex rel. Joshua Harman v. Trinity Industries, Inc.*, No. 2:12-cv-0089-JRG (E.D. Tex.) ("*Harman*"). Judge Kinkeade denied Defendants' motion to stay on July 5, 2016. On August 18, 2016, Defendants filed motions to dismiss the Complaint on behalf of: (i) Trinity, James E. Perry, and Timothy R. Wallace; and (ii) Gregory B. Mitchell. On October 4, 2016, Lead Plaintiffs filed their opposition to Defendants' motions, and Defendants filed their reply briefs on November 18, 2016. On March 13, 2017, the Court *sua sponte* reconsidered its previous denial of Defendants' motion to stay, granted that motion, and administratively closed proceedings pending the Fifth Circuit's decision in the related *Harman* case. On September 29, 2017, the Fifth Circuit reversed the verdict in *Harman* and rendered judgment as a matter of law in favor of Trinity. On February 12, 2018, the plaintiff in *Harman* filed a petition for a writ of certiorari with the U.S.

Supreme Court, which was denied on January 7, 2019. On February 21, 2019, the parties in the present Action jointly stipulated to a schedule for Plaintiffs to file an amended complaint. On May 8, 2019, the parties agreed to modify the schedule to allow the parties to focus their efforts on mediation.

D. On June 18, 2019, the parties engaged in a successful mediation session with Gregory P. Lindstrom, and the parties agreed to settle the Action for financial consideration in the amount of Seven Million, Five Hundred Thousand Dollars ($7,500,000.00). The parties finalized a written term sheet, which documented their agreement to the financial consideration and several non-monetary settlement terms. The term sheet provided, among other things, that the mediator was vested with binding authority to promptly resolve any disputes arising out of the finalization of the settlement documentation.

## II. CLAIMS OF PLAINTIFFS AND BENEFITS OF SETTLEMENT

A. Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit. However, Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial. Plaintiffs and Lead Counsel also have taken into account the uncertain outcome and the risk of trial, especially in complex matters such as this Action, as well as the risks posed by the difficulties and delays relating to post-trial motions, and potential appeals of the Court's determination of said motions, or the verdict of a jury. Plaintiffs and Lead Counsel also are aware of the defenses to the securities law claims asserted in the Action. Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class in light of the circumstances present here. Based on their evaluation, Plaintiffs and Lead Counsel have determined that the Settlement set forth in this Stipulation is fair, reasonable, and adequate and in the best interests of the Class.

## III. DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

A. Defendants have denied and continue to deny that they violated the federal securities laws, or any laws, and maintain that their conduct was at all times proper and in compliance with all applicable laws. Defendants have denied and continue to deny specifically each and all of the claims and contentions alleged in the Action, along with all charges of wrongdoing or liability against them arising out of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied and continue to deny, *inter alia*, the allegations that any of the Defendants made, knowingly or otherwise, any material misstatements or omissions; that Defendants acted recklessly or with culpable intent; that any member of the Class has suffered any damages; that the price of Trinity common stock was artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise; or that the members of the Class were harmed by the conduct alleged in the Action or that could have been alleged as part of the Action. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

B. Nonetheless, taking into account the uncertainty, risks, costs, and distraction inherent in any litigation, especially in complex cases such as this Action, Defendants have determined that it is desirable and beneficial that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation. As set forth in ¶¶8.2-8.3 below, this Stipulation shall in no event be construed as or deemed to be evidence of an admission or concession by Defendants or any of the Released Parties with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

## IV. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs (for themselves and the members of the Class), on the one hand, and Defendants, on the

other hand, by and through their respective counsel of record, that subject to the approval of the Court, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Settling Parties from the Settlement set forth herein, the Action, the Released Claims, and all matters encompassed within the scope of the releases set forth in this Stipulation shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice as to all Settling Parties upon and subject to the terms and conditions of the Stipulation, as follows.

**1. Definitions**

As used in this Stipulation, and any exhibits attached hereto and made a part hereof, the following terms have the meanings specified below:

1.1 "Authorized Claimant" means any member of the Class who submits a valid Proof of Claim and Release form and whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2 "Claims Administrator" means the firm retained by Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Class Members and to administer the Settlement.

1.3 "Class" means all persons and entities who purchased or otherwise acquired publicly traded Trinity common stock between February 16, 2012 and April 24, 2015, inclusive, and were damaged thereby. Excluded from the Class are: (i) Defendants; (ii) the Immediate Family Members of the Individual Defendants; (iii) the officers and directors of Trinity during the Class Period and their Immediate Family Members; (iv) any parents, subsidiaries, or affiliates of Trinity; (v) any firm, trust, corporation, or other entity in which any Defendant has, or had during the Class Period, a controlling interest; and (vi) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity. Also excluded from the

Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

1.4 "Class Member" means a person or entity who falls within the definition of the Class as set forth in ¶1.3 of this Stipulation.

1.5 "Class Period" means the period between February 16, 2012 and April 24, 2015, inclusive.

1.6 "Court" means the United States District Court for the Northern District of Texas.

1.7 "Defendants" means Trinity Industries, Inc., Timothy R. Wallace, James E. Perry, and Gregory B. Mitchell.

1.8 "Effective Date" means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

1.9 "Escrow Account" means the account controlled by the Escrow Agents.

1.10 "Escrow Agents" means Lead Counsel or their successor(s).

1.11 "Final" means when the last of the following with respect to the Judgment or any other court order shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment or order under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the Judgment or order has passed without any appeal having been taken; or (iii) if a motion to alter or amend is filed or if an appeal is taken, the determination of that motion or appeal in such a manner as to permit the consummation of the Settlement, in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal which concerns only the issue of attorneys' fees and expenses or any Plan of Allocation of the Settlement Fund.

1.12 "Immediate Family Members" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

1.13 "Individual Defendants" means Timothy R. Wallace, James E. Perry, and Gregory B. Mitchell.

1.14 "Judgment" means the judgment and order of dismissal with prejudice to be rendered by the Court upon approval of the Settlement, substantially in the form attached hereto as Exhibit B.

1.15 "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101; Lowenstein Sandler LLP, One Lowenstein Drive, Roseland, NJ 07068; and Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, New York, NY 10020.

1.16 "Net Settlement Fund" means the portion of the Settlement Fund that shall be distributed to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court, after provision for the amounts set forth in ¶5.5(a)-(c) of this Stipulation.

1.17 "Plaintiffs" or "Lead Plaintiffs" means Plumbers and Pipefitters National Pension Fund, United Association Local Union Officers & Employees' Pension Fund, and the Department of the Treasury of the State of New Jersey and its Division of Investment.

1.18 "Plaintiffs' Counsel" means any counsel who have appeared for any of the Plaintiffs in the Action.

1.19 "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes, and Tax Expenses and such

attorneys' fees, expenses, and interest and other expenses as may be awarded by the Court. Any Plan of Allocation is not part of the Stipulation and Defendants and the Released Parties shall have no responsibility or liability with respect to the Plan of Allocation.

1.20 "Released Claims" means, collectively, the Released Plaintiffs' Claims and the Released Defendants' Claims.

1.21 "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever whether known or unknown, whether arising under federal, state, common, or foreign law that arise out of or are based upon or related to the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Plaintiffs' Claims, except for claims relating to the enforcement of the Settlement. "Released Defendants' Claims" includes "Unknown Claims" as defined in ¶1.31 hereof.

1.22 "Released Parties" means Defendants and each of their past or present subsidiaries, past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders, attorneys, accountants, auditors, underwriters, investment advisors, personal or legal representatives, predecessors, successors, parents, divisions, joint ventures, assigns, spouses, heirs, estates, related or affiliated entities, and Individual Defendants' Immediate Family Members.

1.23 "Released Plaintiffs' Claims" means any and all claims and causes of action of every nature and description whatsoever whether known or unknown, whether arising under federal, state, common, or foreign law, whether class or individual in nature, that Lead Plaintiffs or any other member of the Class asserted in the Action or could have asserted in any forum that arise out of or are based upon or related to both (i) the purchase or acquisition of Trinity common stock during the Class Period, and (ii) the allegations, transactions, facts, matters, occurrences, representations, or omissions involved, set forth, or referred to in the Complaint, except for claims

relating to the enforcement of the Settlement. "Released Plaintiffs' Claims" includes "Unknown Claims" as defined in ¶1.31 hereof.

1.24 "Settlement" means the settlement contemplated by this Stipulation.

1.25 "Settlement Amount" means the principal amount of Seven Million, Five Hundred Thousand Dollars ($7,500,000.00), to be paid pursuant to ¶2.1 of this Stipulation. Such amount is paid as consideration for full and complete settlement and release of all the Released Plaintiffs' Claims.

1.26 "Settlement Fund" means the Settlement Amount, together with all interest and income earned thereon after being transferred to an account controlled by the Escrow Agents, and which may be reduced by payments or deductions as provided for herein or by Court order.

1.27 "Settling Parties" means Defendants and Lead Plaintiffs on behalf of themselves and the Class Members.

1.28 "Supplemental Agreement" means the agreement described in ¶7.3.

1.29 "Tax Expenses" means expenses and costs incurred in connection with the calculation and payment of taxes or the preparation of tax returns and related documents, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs relating to filing the returns described in ¶2.8.

1.30 "Taxes" means all taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund as described in ¶2.8.

1.31 "Unknown Claims" means, collectively, any and all Released Plaintiffs' Claims, of every nature and description, that any Plaintiff or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the Effective Date, and any Released Defendants' Claims, of every nature and description, that any Defendant does not know or suspect to exist in his or its favor at the time of the Effective Date, which, if known by him, her, or it,

might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her, or its decision not to object to or opt out of this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights, and benefits of California Civil Code §1542, which provides, in relevant part:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Upon the Effective Date, Lead Plaintiffs and Defendants shall expressly waive and each of the other Class Members shall be deemed to have, and by operation of the Judgment shall have expressly, waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. Lead Plaintiffs and the other Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims, but, upon the Effective Date, Lead Plaintiffs shall expressly, and each other Class Member, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Plaintiffs' Claims without regard to the subsequent discovery or existence of such different or additional facts. Defendants may hereafter discover facts in addition to or different from those which he or it now knows or believes to be true with respect to the subject matter of the Released Defendants' Claims, but, upon the Effective Date, Defendants shall expressly, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Defendants' Claims without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiffs and Defendants acknowledge, and the other Class Members shall be deemed by operation of the Judgment to have acknowledged,

that the foregoing waiver was separately bargained for and an essential term of the Settlement of which this release is a part.

**2. The Settlement**

**a. The Settlement Fund**

2.1 In consideration of the terms of this Stipulation, Defendants shall cause the Settlement Amount to be transferred or paid to an account controlled by the Escrow Agents (the "Escrow Account") within ten (10) business days of the later of (i) entry of the Court's order preliminarily approving the Settlement, in the form of Exhibit A attached hereto (the "Notice Order"), or (ii) the provision to Defendants of information for payment of the Settlement Amount by check and wiring instructions that include the bank name and ABA routing number, account name and number, and a signed W-9 reflecting a valid taxpayer identification number for the Escrow Account (the "Payment Date"). The Settlement Amount, together with any interest and income earned thereon once transferred to the Escrow Account, shall constitute the Settlement Fund.

2.2 If the entire Settlement Amount is not paid by check received by Escrow Agents by the Payment Date or deposited into the Escrow Account by the Payment Date, Lead Counsel may terminate the Settlement but only if: (i) Lead Counsel has notified Defendants' counsel in writing of Lead Counsel's intention to terminate the Settlement, and (ii) the entire Settlement Amount is not paid by check received by Escrow Agents or transferred to the Escrow Account within three (3) calendar days after Lead Counsel has provided such written notice.

**b. The Escrow Agents**

2.3 The Escrow Agents shall invest the Settlement Fund deposited pursuant to ¶2.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of

these instruments as they mature in similar instruments at their then-current market rates. All costs and risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund.

2.4 The Escrow Agents shall not disburse the Settlement Fund except (a) as provided in the Stipulation, (b) by an order of the Court, or (c) with the written agreement of counsel for the Settling Parties.

2.5 Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agents are authorized to execute such transactions as are consistent with the terms of the Stipulation. The Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to, the actions of the Escrow Agents, or any transaction executed by the Escrow Agents.

2.6 All funds held by the Escrow Agents shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.7 Notwithstanding the fact that the Effective Date has not yet occurred, the Escrow Agents, without further approval of Defendants or the Court, may pay from the Settlement Fund notice and administration costs ("Class Notice and Administration Costs") associated with the notice and administration of the Settlement, including, without limitation: the cost of identifying and locating members of the Class, mailing the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and Proof of Claim and Release form (the "Proof of Claim" or "Claim Form") (such amounts shall include, without limitation, the actual costs of publication, printing and mailing the Notice, and reimbursement to nominee owners for forwarding notice to their beneficial owners), publishing the Summary Notice of Pendency and Proposed Settlement of Class Action (the "Summary Notice"), soliciting Class claims, assisting with the filing of claims,

administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proofs of Claim, and paying escrow fees and costs, if any, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims. Released Parties and their counsel are not responsible for, and shall not be liable for, any Class Notice and Administration Costs, provided, however, that Defendants shall be solely responsible for administering and paying costs related to serving any notice required under the Class Action Fairness Act, 28 U.S.C. §1715 *et seq.* ("CAFA").

**c. Taxes; Qualified Settlement Fund**

2.8 (a) The Settling Parties agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1. In addition, the Escrow Agents shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.8, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agents to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b) For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agents. Lead Counsel shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)). Such returns (as well as the election described in ¶2.8(a) hereof) shall be consistent with this ¶2.8 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.8(c) hereof.

(c) All (a) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, and (b) Tax Expenses, including expenses and costs incurred in connection with the operation and implementation of this ¶2.8 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing the returns described in this ¶2.8), shall be paid out of the Settlement Fund; in all events the Released Parties and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agents out of the Settlement Fund without prior order from the Court, and the Escrow Agents shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)) and neither the Released Parties nor their counsel are responsible, nor shall they have any liability, therefor. The Settling Parties agree to cooperate with the Escrow Agents, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.8.

(d) For the purpose of this ¶2.8, references to the Settlement Fund shall include both the Settlement Fund and any earnings thereon.

**d. Termination of Settlement**

2.9 In the event the Stipulation is not approved or is terminated, canceled, or fails to become effective for any reason, including, without limitation, in the event the Judgment is reversed or vacated following any appeal taken therefrom, the Settlement Fund (including accrued interest), less expenses actually incurred or due and owing for Class Notice and Administration

Costs, Taxes, or Tax Expenses pursuant to ¶¶2.7 or 2.8 of this Stipulation, shall be refunded pursuant to ¶¶6.2 and 7.4 of this Stipulation upon written instructions from Defendants' counsel.

**3. Class Certification, Notice Order, and Settlement Hearing**

3.1 Solely for purposes of the Settlement and for no other purpose, and subject to approval by the Court, the Settling Parties stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure; (b) certification of Lead Plaintiffs as Class Representatives for the Class; and (c) appointment of Lead Counsel as Class Counsel for the Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. The certification of the Class shall be binding only for purposes of the Settlement, and only if the Judgment becomes Final and the Effective Date as described in ¶1.8 occurs. Should the Class not be certified, or should any court attempt to amend the scope of the Class, each of the Settling Parties reserves the right to terminate the Settlement in accordance with ¶7 hereof.

3.2 Promptly after execution of the Stipulation, Lead Plaintiffs shall submit the Stipulation together with its exhibits (the "Exhibits") to the Court and shall apply for entry of the Notice Order, which shall include, *inter alia*, preliminary approval of the Settlement set forth in the Stipulation and approval for the mailing of the Notice and publication of the Summary Notice, in the forms of Exhibits A-1 and A-3 attached hereto. The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of Lead Counsel's request for attorneys' fees and expenses, and the date of the hearing to approve the Settlement of the Action as set forth herein (the "Settlement Hearing").

3.3 Lead Counsel shall request that after notice is given to the Class, the Court hold the Settlement Hearing and approve the Settlement of the Action as set forth herein. At or after the Settlement Hearing, Lead Counsel also shall request that the Court approve the proposed Plan of Allocation and Lead Counsel's request for attorneys' fees and expenses.

**4. Releases**

4.1 Upon the Effective Date, Lead Plaintiffs and each of the other Class Members, on behalf of themselves and their respective executors, administrators, successors, predecessors, and assigns, and any other person or entity who has the right, ability, standing or capacity to assert, prosecute, or maintain on behalf of any Class Member any of the Released Plaintiffs' Claims (or to obtain the proceeds of any recovery therefrom), in such capacity only, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released Parties (whether or not such Class Members execute and deliver the Proof of Claim and Release forms) any and all Released Plaintiffs' Claims (including, without limitation, Unknown Claims), and shall be permanently barred and enjoined from the institution, maintenance, prosecution, or enforcement against any Released Party, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Plaintiffs' Claims (including, without limitation, Unknown Claims).

4.2 The Proof of Claim and Release to be executed by Class Members shall release all Released Plaintiffs' Claims against the Released Parties and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3 Upon the Effective Date, each of the Defendants, on behalf of themselves and their respective executors, administrators, successors, predecessors, and assigns, and any other person or entity who has the right, ability, standing or capacity to assert, prosecute, or maintain on behalf of any Defendant any of the Released Defendants' Claims (or to obtain the proceeds of any recovery therefrom), in such capacity only, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged against Lead Plaintiffs, all Class Members, and each of their past or present subsidiaries, past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, principals, controlling

shareholders, attorneys, accountants, auditors, underwriters, investment advisors, personal or legal representatives, predecessors, successors, parents, divisions, joint ventures, assigns, spouses, heirs, estates, related or affiliated entities, and Lead Plaintiffs' and Class Members' Immediate Family Members ("Released Plaintiffs' Parties") any and all Released Defendants' Claims (including, without limitation, Unknown Claims), and shall be permanently barred and enjoined from the institution, maintenance, prosecution, or enforcement against any Released Plaintiffs' Party, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Defendants' Claims (including, without limitation, Unknown Claims).

**5. Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1 The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall provide notice of the Settlement to the Class, shall administer and calculate the claims submitted by Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2 Defendants shall provide within five (5) business days following the entry of the Notice Order, and without any charge to Lead Plaintiffs, the Class, Plaintiffs' Counsel, or the Claims Administrator, shareholder lists, as appropriate for providing notice to the Class. In accordance with the schedule set forth in the Notice Order, Lead Counsel will cause the Notice, substantially in the form of Exhibit A-1 attached hereto, and the Claim Form, substantially in the form of Exhibit A-2 attached hereto, to be mailed by the Claims Administrator to all shareholders of record, or nominees. The Notice and Claim Form shall also be posted on the Claims Administrator's website. In accordance with the schedule set forth in the Notice Order, the Summary Notice, substantially in the form of Exhibit A-3 attached hereto, will also be published

once in the national edition of *Investor's Business Daily* and once on a newswire service. The cost of providing such notice shall be paid out of the Settlement Fund.

5.3 The Notice shall set forth the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, and Lead Counsel's request for attorneys' fees and expenses; the date and time of the Settlement Hearing; the right to object to the Settlement, proposed Plan of Allocation, or request for fees and expenses; the right to appear at the Settlement Hearing; and the right to request exclusion from the Class.

5.4 No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. §1715 *et seq.* ("CAFA"). Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA §1715(b).

5.5 The Settlement Fund shall be applied as follows:

(a) to pay all Class Notice and Administration Costs;

(b) to pay all Taxes and Tax Expenses described in ¶2.8 hereof;

(c) to pay Plaintiffs' Counsel's attorneys' fees and expenses and Plaintiffs' expenses under the PSLRA, 15 U.S.C. §78u-4(a)(4), if and to the extent allowed by the Court; and

(d) to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.6 Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with ¶¶5.7-5.9 below.

5.7 Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit A-2 attached hereto, postmarked (if mailed) or received (if filed electronically) by no later than one hundred twenty (120) calendar days after the Notice Date (as defined in Exhibit A attached hereto), or such other time as may be set by the Court (the "Bar Date"), signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and as are reasonably available to such Person.

5.8 Except as otherwise ordered by the Court, all Class Members who fail to submit a Proof of Claim by the Bar Date, or such other period as may be ordered by the Court, or who submit a Proof of Claim that is rejected, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation), to accept late-submitted claims for processing so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

5.9 The Claims Administrator shall calculate the claims of Authorized Claimants in accordance with the Plan of Allocation approved by the Court. Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant his, her, or its *pro rata* share of the Net Settlement Fund.

5.10 The Settlement is not a claims-made settlement and, if all conditions of this Stipulation are satisfied and the Settlement becomes Final, Defendants will not have a reversionary interest in the Net Settlement Fund. If there is any balance remaining in the Net Settlement Fund after a reasonable amount of time following the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who

negotiated the checks sent to them in the initial distribution and who would receive at least $10.00 in an equitable and economical fashion. These reallocations shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be donated to an appropriate non-profit organization designated by Lead Counsel.

5.11 The Released Parties shall have no liability, obligation, or responsibility whatsoever to any person, including, but not limited to, Class Members, the Escrow Agents, Lead Counsel, Lead Plaintiffs, or the Claims Administrator, in connection with the Plan of Allocation, the administration of the Settlement, the investment of the Settlement Fund, the processing of claims, or the disbursement of the Settlement Fund or the Net Settlement Fund. The Settlement Fund shall indemnify and hold all Released Parties harmless for any Taxes owed with respect to interest earned on the Settlement Fund after deposit into the Escrow Account and related expenses of any kind whatsoever (including, without limitation, Taxes payable by reason of any such indemnification), as well as for any claims related to the Plan of Allocation, the administration of the Settlement, the investment of the Settlement Fund, the processing of claims, or the disbursement of the Settlement Fund or the Net Settlement Fund. Defendants shall notify the Escrow Agents promptly if Defendants receive any notice of any claim so indemnified.

5.12 Defendants shall take no position with respect to the Plan of Allocation or any other such plan as may be approved by the Court.

5.13 It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of

the Court's Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation. Class Members and Defendants shall be bound by the terms of this Stipulation, irrespective of whether the Court disapproves or modifies the Plan of Allocation.

5.14 No Person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Released Parties, Defendants' counsel, or the Claims Administrator based on distributions made substantially in accordance with the Settlement, the Stipulation, and the Plan of Allocation, or otherwise as further ordered by the Court.

**6. Lead Counsel's Attorneys' Fees and Expenses**

6.1 Lead Counsel may submit an application or applications (the "Fee and Expense Application"), on behalf of all Plaintiffs' Counsel, for (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Action; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court. In addition, Plaintiffs Plumbers and Pipefitters, the UA Fund, and New Jersey may submit an application for an award from the Settlement Fund pursuant to the PSLRA, 15 U.S.C. §78u-4(a)(4), in connection with their representation of the Class. Any and all such fees and expenses awarded by the Court (whether payable to Lead Counsel or Plaintiffs) shall be payable solely out of the Settlement Fund.

6.2 The attorneys' fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately upon entry of the Court's order awarding such fees and expenses. This provision shall apply notwithstanding timely objections to, potential for appeal from, or collateral attack on, the Settlement or the award of fees and expenses. Lead Counsel shall thereafter allocate the attorneys' fees amongst other Plaintiffs' Counsel in a manner that Lead Counsel in good faith believes reflects the contributions of such

counsel to the prosecution and resolution of the Action. Any such awards shall be paid solely by the Settlement Fund. In the event that the Judgment or the order awarding such fees and expenses paid to Lead Counsel pursuant to ¶6.1 and this ¶6.2 is reversed or modified, or if the Settlement is canceled or terminated for any reason, then Lead Counsel shall, in an amount consistent with such reversal or modification, refund such fees or expenses to the Settlement Fund pursuant to ¶2.9, plus the interest earned thereon, within thirty (30) calendar days after (i) receiving notice from Defendants' counsel of the termination of the Settlement, or (ii) any order from a court of competent jurisdiction reducing or reversing the fee and expense award has become Final. Any refunds required pursuant to this paragraph shall be the several obligation of each Plaintiffs' Counsel to make appropriate refunds or repayments to the Settlement Fund. Each Plaintiffs' Counsel, as a condition of receiving such fees or expenses on behalf of itself and each partner and/or shareholder of it, agrees that its law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.3 The procedure for and the allowance or disallowance by the Court of the Fee and Expense Application, to be paid out of the Settlement Fund, are not part of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action.

6.4 Neither Defendants, Defendants' insurers, nor any of the Released Parties shall have any responsibility for any payment of attorneys' fees and expenses to Lead Counsel or any Class Member's counsel apart from payment of the Settlement Amount pursuant to ¶2.1.

**7. Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1 The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a) execution of this Stipulation;

(b) Defendants have not exercised their option to terminate the Stipulation pursuant to ¶7.3 hereof;

(c) the Court has entered the Notice Order, substantially in the form of Exhibit A hereto, as required by ¶3.2 hereof;

(d) the Settlement Amount has been transferred to the Escrow Account in accordance with the provisions of ¶2.1 above;

(e) the Court has entered the Judgment that, *inter alia*, dismisses with prejudice the Action, as to Plaintiffs and Defendants, as set forth above; and

(f) the Judgment has become Final, as defined in ¶1.11 hereof.

7.2 Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of Defendants or their insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. If all of the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Lead Counsel and counsel for Defendants on behalf of their respective clients mutually agree in writing to proceed with the Settlement.

7.3 If Persons who otherwise would be members of the Class have timely and validly requested exclusion from the Class in accordance with the provisions of the Notice Order and the Notice given pursuant thereto, and if the total number of shares of Trinity common stock purchased or acquired by such Persons during the Class Period equals or exceeds an amount specified in a

separate Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement") executed between Plaintiffs and Defendants, then Defendants shall have the option to terminate this Stipulation and Settlement in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement will not be filed with the Court unless and until a dispute between Plaintiffs and Defendants concerning its interpretation or application arises. Copies of all requests for exclusion received, together with copies of all written revocations of requests for exclusion, shall be delivered to Defendants' counsel by Lead Counsel within the later of two (2) business days of Lead Counsel's receipt or seven (7) calendar days prior to the Settlement Hearing. Defendants may terminate the Stipulation and Settlement by serving written notice of termination on the Court and Lead Counsel on or before ten (10) days after the deadline for requests for exclusion, on or before five (5) days after the Court grants additional time for exclusion for any reason, or on or before three (3) days before the Settlement Hearing, whichever occurs last. In the event that Defendants serve a written notice of termination, Defendants may withdraw their written notice of termination by providing written notice of such withdrawal to Lead Counsel and to the Court by no later than 5:00 PM Central Time on the day prior to the Settlement Hearing, or by such later date as shall be agreed upon in writing as between Lead Counsel and Defendants' counsel.

7.4 Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, be canceled, or not become effective for any reason, within fourteen (14) days after written notification of such event is sent by counsel for Defendants to the Escrow Agents, the Settlement Fund (including accrued interest), less expenses which have either been incurred or disbursed pursuant to ¶¶2.7 or 2.8 hereof, shall be refunded pursuant to written instructions from Defendants' counsel. At the request of counsel for Defendants, the Escrow Agents or their designees shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of

any expenses incurred in connection with such application(s) for refund, at the written direction of Defendants' counsel.

7.5 In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Action as of June 17, 2019. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.31, 2.8-2.9, 7.2, and 8.4-8.5 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and the Settling Parties shall be deemed to return to their status as of June 17, 2019. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees and expenses, and interest awarded by the Court to Lead Counsel or Plaintiffs shall constitute grounds for cancellation or termination of the Stipulation.

7.6 Defendants warrant and represent that, as of the time this Stipulation is executed and as of the time the Settlement Amount is actually transferred or made as reflected in this Stipulation, they are not "insolvent" within the meaning of 11 U.S.C. §101(32). If, before the Judgment becomes Final, any Defendant files for protection under the Bankruptcy Code, or any similar law, or a trustee, receiver, conservator, or other fiduciary is appointed under bankruptcy, or any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money or any portion thereof to the Escrow Agents by or on behalf of any Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited with the Escrow Agents by others, then, at the election of Lead Plaintiffs, the Settling Parties shall jointly

move the Court to vacate and set aside the release given and the Judgment entered in favor of Defendants, and the Settling Parties and the members of the Class shall be restored to their litigation positions as of June 17, 2019 and any cash amounts in the Settlement Fund (less any Taxes paid, due, or owing with respect to the Settlement Fund and less any Class Notice and Administration Costs actually incurred, paid, or payable) shall be returned in accordance with ¶7.4.

**8. Miscellaneous Provisions**

8.1 The Settling Parties (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation expeditiously.

8.2 The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action. The Settlement shall not be deemed an admission by any Settling Party or any of the Released Parties as to the merits of any claim or defense. The Settling Parties and their counsel agree that they shall not assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense or settlement of the Action, and the Final Judgment shall contain a finding that all Settling Parties and their counsel complied with the requirements of Rule 11 with respect to the institution, prosecution, defense, and resolution of the Action. The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated in good faith at arm's length by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

8.3 Neither the Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any

Released Claim, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Plaintiffs were not valid or that the amount recoverable was not greater than the Settlement amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.4 All agreements made and orders entered during the course of the Action relating to the confidentiality of documents and information shall survive this Stipulation.

8.5 All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.6 The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.7 No waiver of any term or provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be valid or effective unless in writing and signed by or on behalf of all Settling Parties or their respective successors-in-interest. No waiver of any term or provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be construed as a waiver of the same or any other term or provision or of any previous or subsequent breach thereof.

8.8 The Stipulation and the Exhibits attached hereto (together with the Supplemental Agreement referred to in ¶7.3) constitute the entire agreement among the Settling Parties and no

representations, warranties, or inducements have been made to any Settling Party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein (or, as between Defendants, in any separate agreements between them), each Settling Party shall bear its own costs.

8.9 The Settlement is not conditioned upon the settlement or approval of settlement of any derivative suits or other suits.

8.10 This Settlement Agreement shall be construed and interpreted to effectuate the intent of the Settling Parties, which is to resolve completely those claims and disputes, including in the Action, and as more fully described herein. If any provision of this Settlement Agreement shall be determined to be invalid, void, or illegal, such provision shall be construed and amended in a manner that would permit its enforcement, but in no event shall such provision affect, impair, or invalidate any other provision hereof.

8.11 Neither the Class Members nor Defendants shall be bound by this Stipulation if the Court modifies material terms thereof, provided, however, that it shall not be a basis for Class Members to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Authorized Claimants, or the Plan of Allocation is modified on appeal. Nor shall it be a basis to terminate this Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to attorneys' fees or expenses or the distribution of the Net Settlement Fund. Notwithstanding any such modification of the terms or Plan of Allocation or this Stipulation with respect to attorneys' fees or expenses, Defendants and Defendants' insurers shall be entitled to all benefits of the Settlement and shall not, under any circumstances, be called upon to contribute additional funds to the Settlement Fund.

8.12 Lead Counsel, on behalf of the Class, is expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to this Stipulation to

effectuate its terms and also is expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Class which it deems appropriate.

8.13 Plaintiffs and Lead Counsel represent and warrant that none of the Plaintiffs' claims or causes of action referred to in this Action or this Stipulation has been assigned, encumbered, or in any manner transferred in whole or in part.

8.14 Each counsel or other Person executing this Stipulation or any of its Exhibits on behalf of any Settling Party hereby warrants that such Person has the full authority to do so.

8.15 All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given via email as set forth below:

***If to Plaintiffs or to Plaintiffs' Counsel***:

Nathan R. Lindell
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
nlindell@rgrdlaw.com

Michael T.G. Long
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068
mlong@lowenstein.com

James A. Harrod
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas
New York, NY 10020
Jim.Harrod@blbglaw.com

***If to Defendants or to Defendants' Counsel***:

Meryl L. Young
Allison K. Kostecka
Gibson, Dunn & Crutcher LLP
3161 Michelson Drive
Irvine, CA 92612
myoung@gibsondunn.com
akostecka@gibsondunn.com

8.16 This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court.

8.17 This Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties hereto.

8.18 The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

8.19 Pending approval of the Court of this Stipulation and its Exhibits, all proceedings in this Action shall be stayed, and all members of the Class shall be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Released Parties.

8.20 This Settlement Agreement and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of Texas, and the rights and obligations of the parties to the Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Texas, without giving effect to that State's choice-of-law principles.

8.21 This Settlement Agreement shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and the Settling Parties have contributed substantially and materially to the preparation of this Settlement Agreement.

IN WITNESS WHEREOF, the parties hereto have caused the Settlement Agreement to be executed, by their duly authorized attorneys, dated September 23, 2019.

ROBBINS GELLER RUDMAN
& DOWD LLP
DARREN J. ROBBINS (Admitted *Pro Hac Vice*)
NATHAN R. LINDELL (Admitted *Pro Hac Vice*)
SARA B. POLYCHRON (Admitted *Pro Hac Vice*)
HILLARY B. STAKEM (Admitted *Pro Hac Vice*)

NATHAN R. LINDELL

655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
nlindell@rgrdlaw.com
spolychron@rgrdlaw.com
hstakem@rgrdlaw.com

LOWENSTEIN SANDLER LLP
MICHAEL B. HIMMEL (Admitted *Pro Hac Vice*)
MICHAEL T.G. LONG (Admitted *Pro Hac Vice*)
JAMIE GOTTLIEB FURIA (Admitted *Pro Hac Vice*)
JOSEPH A. FISCHETTI (Admitted *Pro Hac Vice*)
BRANDON M. FIERRO (Admitted *Pro Hac Vice*)

MICHAEL T.G. LONG

65 Livingston Avenue
Roseland, NJ 07068
Telephone: 973/597-2500
973/597-2400 (fax)
mhimmel@lowenstein.com
mlong@lowenstein.com
jfuria@ lowenstein.com
jfischetti@ lowenstein.com
bfierro@ lowenstein.com

BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
JAMES A. HARROD (Admitted *Pro Hac Vice*)
ADAM HOLLANDER (Admitted *Pro Hac Vice*)

JAMES A. HARROD

IN WITNESS WHEREOF, the parties hereto have caused the Settlement Agreement to be executed, by their duly authorized attorneys, dated September 23, 2019.

ROBBINS GELLER RUDMAN
& DOWD LLP
DARREN J. ROBBINS (Admitted *Pro Hac Vice*)
NATHAN R. LINDELL (Admitted *Pro Hac Vice*)
SARA B. POLYCHRON (Admitted *Pro Hac Vice*)
HILLARY B. STAKEM (Admitted *Pro Hac Vice*)

______________________________
NATHAN R. LINDELL

655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
nlindell@rgrdlaw.com
spolychron@rgrdlaw.com
hstakem@rgrdlaw.com

LOWENSTEIN SANDLER LLP
MICHAEL B. HIMMEL (Admitted *Pro Hac Vice*)
MICHAEL T.G. LONG (Admitted *Pro Hac Vice*)
JAMIE GOTTLIEB FURIA (Admitted *Pro Hac Vice*)
JOSEPH A. FISCHETTI (Admitted *Pro Hac Vice*)
BRANDON M. FIERRO (Admitted *Pro Hac Vice*)

______________________________
MICHAEL T.G. LONG

65 Livingston Avenue
Roseland, NJ 07068
Telephone: 973/597-2500
973/597-2400 (fax)
mhimmel@lowenstein.com
mlong@lowenstein.com
jfuria@ lowenstein.com
jfischetti@ lowenstein.com
bfierro@ lowenstein.com

BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
JAMES A. HARROD (Admitted *Pro Hac Vice*)
ADAM HOLLANDER (Admitted *Pro Hac Vice*)

______________________________
JAMES A. HARROD

1251 Avenue of the Americas
New York, NY 10020
Telephone: 212/554-1400
212/554-1444 (fax)
jim.harrod@blbglaw.com
adam.hollander@blbglaw.com

Co-Lead Counsel for the Class

KENDALL LAW GROUP, PLLC
JOE KENDALL (State Bar No. 11260700)
3811 Turtle Creek Blvd., Suite 1450
Dallas, TX 75219
Telephone: 214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

JACKSON WALKER LLP
DAVID FOLSOM (State Bar No. 07210800)
CHARLES L. BABCOCK (State Bar No. 01479500)
DAVID T. MORAN (State Bar No. 14419400)
KPMG Plaza at Hall Arts
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Telephone: 214/953-6000
214/953-5822 (fax)
dfolsom@jw.com
cbabcock@jw.com
dmoran@jw.com

Co-Liaison Counsel for the Class

THE LAW OFFICE OF BALON B. BRADLEY
BALON B. BRADLEY (State Bar No. 02821700)
5473 Blair Road, Suite 100
Dallas, TX 75231
Telephone: 972/991-1582
972/755-0424 (fax)
balon@bbradleylaw.com

O'DONOGHUE & O'DONOGHUE LLP
LOUIS P. MALONE
5301 Wisconsin Avenue, N.W., Suite 800
Washington, DC 20015
Telephone: 202/362-0041
202/362-2640 (fax)

Additional Counsel for Lead Plaintiffs Plumbers and Pipefitters National Pension Fund and United Association Local Union Officers & Employees' Pension Fund

GIBSON, DUNN & CRUTCHER LLP
MERYL L. YOUNG (Admitted *Pro Hac Vice*)

MERYL L. YOUNG

3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949/451-4229
949/475-4619 (fax)
myoung@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
MICHAEL L. RAIFF (State Bar No. 00784803)
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214/698-3350
214/571-2927 (fax)
mraiff@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
BRIAN M. LUTZ (Admitted *Pro Hac Vice*)
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415/393-8379
415/ 374-8474 (fax)
blutz@gibsondunn.com

HEDRICK KRING, PLLC
JOSHUA L. HEDRICK (State Bar No. 24061123)
1700 Pacific Avenue, Suite 4650
Dallas, TX 75201
Telephone: 214/880-9605
214/481-1844 (fax)
josh@hedrickkring.com

Attorneys for Defendants

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on September 24, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Joe Kendall
JOE KENDALL

KENDALL LAW GROUP, PLLC
3811 Turtle Creek Blvd., Suite 1450
Dallas, TX 75219
Telephone: 214/744-3000

Email: jkendall@kendalllawgroup.com

# Mailing Information for a Case 3:15-cv-02093-K Isolde v. Trinity Industries Inc et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Naumon A Amjed**
  namjed@ktmc.com,hnorris@ktmc.com,4980043420@filings.docketbird.com,mswift@ktmc.com
- **Charles L Babcock**
  cbabcock@jw.com,kkunec@jw.com,cliczbinski@jw.com,mawalker@jw.com
- **James D Blume**
  jblume@bfsnlaw.com,tandersen@bfsnlaw.com
- **Balon B Bradley**
  balon@bbradleylaw.com,balonbb@aol.com,iasanchez@bbradleylaw.com,anneh@bbradleylaw.com
- **Trey H Crawford**
  tcrawford@cwl.law,mgonzalez@cwl.law,nvazquez@cwl.law
- **Ryan T Degnan**
  rdegnan@ktmc.com
- **Brandon M Fierro**
  bfierro@lowenstein.com
- **Joseph A Fischetti**
  jfischetti@lowenstein.com
- **David Folsom**
  dfolsom@jw.com,smontgomery@jw.com
- **John Clinton Goodson**
  jcgoodson@kglawfirm.com,cheflin@kglawfirm.com
- **Jamie Gottlieb Furia**
  jfuria@lowenstein.com
- **G Michael Gruber**
  gruber.mike@dorsey.com,g-michael-gruber-5577@ecf.pacerpro.com,turnipseed.delvary@dorsey.com,milligan.kymberlee@dorsey.com

- **Jeffrey Michael Haber**
  haber@bernlieb.com
- **James Abram Harrod**
  Jim.Harrod@blbglaw.com,ManagingClerk@blbglaw.com,norbert.sygdziak@blbglaw.com
- **Michelle LeGrand Hartmann**
  michelle.hartmann@bakermckenzie.com,karen.wagner@bakermckenzie.com,adrianna.lafuente@bakermckenzie.com
- **Joshua L Hedrick**
  Josh@HedrickKring.com,Mckenzie@HedrickKring.com,angela@hedrickkring.com,Peggie@HedrickKring.com,Robbyn@HedrickKring.com
- **Michael B Himmel**
  mhimmel@lowenstein.com,mvazquez@lowenstein.com,eesposito@lowenstein.com
- **Adam Hollander**
  Adam.Hollander@blbglaw.com,ManagingClerk@blbglaw.com
- **Frank James Johnson**
  frankj@johnsonfistel.com,frankj@johnsonbottini.com
- **Avi Josefson**
  avi@blbglaw.com
- **Donald Mattson Keil**
  mkeil@kglawfirm.com,cheflin@kglawfirm.com,nadkinson@kglawfirm.com
- **Elton Joe Kendall**
  jkendall@kendalllawgroup.com
- **Joe Kendall**
  jkendall@kendalllawgroup.com,administrator@kendalllawgroup.com
- **Nathan R. Lindell**
  nlindell@rgrdlaw.com,karenc@rgrdlaw.com,e_file_sd@rgrdlaw.com,susanw@rgrdlaw.com
- **Michael T G Long**
  mlong@lowenstein.com
- **Brian M Lutz**
  BLutz@gibsondunn.com

- **J Mark Mann**
  mark@themannfirm.com,nhall@themannfirm.com,cdoerge@themannfirm.com,blake@themannfirm.com
- **Brian E Mason**
  mason.brian@dorsey.com,brian-mason-5685@ecf.pacerpro.com,milligan.kymberlee@dorsey.com
- **Tricia L McCormick**
  triciam@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **James M McCown**
  jmccown@nvmlaw.com,klandis@nvmlaw.com
- **George Louis McWilliams**
  glmlawoffice@gmail.com
- **David T Moran**
  dmoran@jw.com,msmale@jw.com
- **Yvette Ostolaza**
  yvette.ostolaza@sidley.com,cpowers@sidley.com,yvette-ostolaza-5624@ecf.pacerpro.com,txefilingnotice@sidley.com,ncade@sidley.com,alhoste@sidley.com,tlimbrick@sidley.com
- **Sara Bierl Polychron**
  spolychron@rgrdlaw.com,6287952420@filings.docketbird.com
- **Michael L Raiff**
  mraiff@gibsondunn.com,dthorn@gibsondunn.com,cfitzgerald@gibsondunn.com
- **Darren J Robbins**
  e_file_sd@rgrdlaw.com
- **Gerald H Silk**
  jerry@blbglaw.com,ManagingClerk@blbglaw.com
- **Hillary Bryn Stakem**
  hstakem@rgrdlaw.com
- **Meryl L Young**
  myoung@gibsondunn.com,pmclean@gibsondunn.com
- **Angela C Zambrano**
  angela.zambrano@sidley.com,txefilingnotice@sidley.com,angela-zambrano-4634@ecf.pacerpro.com

# Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)