IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD J. ISOLDE, Individually and on Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:15-CV-2093-K |
| TRINITY INDUSTRIES, INC., et al., | § § | |
| Defendants. | § § | |

ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated class action is pending before this Court styled

*Richard J. Isolde v. Trinity Industries, Inc., et al.*, Civil Action No. 3:15-CV-02093-K (the

"Action");

WHEREAS, (a) Lead Plaintiffs Plumbers and Pipefitters National Pension Fund,

United Association Local Union Officers & Employees' Pension Fund, and the

Department of the Treasure of the State of New Jersey and its Division of Investment,

on behalf of themselves and each of the Class Members, and (b) Defendant Trinity

Industries, Inc. ("Trinity") and Defendants Timothy R. Wallace, James E. Perry, and

Gregory B. Mitchell (collectively, the "Individual Defendants"; and, together with

Trinity, the "Defendants"; and together with Lead Plaintiffs, the "Settling Parties")

have made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an

order preliminarily approving the Settlement of this Action, in accordance with a

Stipulation of Settlement dated September 23, 2019 (the "Settlement Agreement"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Action between the Settling Parties and for dismissal of the Action against the Defendants and any of the Released Parties with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all defined terms used herein have the same meanings as set forth in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    The Court does hereby preliminarily approve the Settlement Agreement and the Settlement set forth therein, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing described below.

2.    A hearing (the "Settlement Hearing") shall be held before this Court on March 31, 2020, at 10:00 a.m., at the United States District Court for the Northern District of Texas, Earle Cabell Federal Building, 1100 Commerce Street, Room 1625, Dallas, Texas 75242, for the following purposes: (a) to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; (b) to determine whether, for purposes of the proposed Settlement only, the Action should be certified as a class action on behalf of the Class, Lead Plaintiffs should

2

be certified as Class Representatives for the Class, and Lead Counsel should be appointed as Class Counsel for the Class; (c) to determine whether a Judgment as provided in ¶1.14 of the Settlement Agreement should be entered; (d) to determine whether the proposed Plan of Allocation should be approved; (e) to determine any amount of attorneys' fees and expenses that should be awarded to Lead Counsel for their service to the Class; (f) to hear any objections by Class Members to the Settlement Agreement or Plan of Allocation or any award of attorneys' fees and expenses to Lead Counsel and any award to the Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4); (g) to hear any objections by Class Members; and (h) to consider such other matters as the Court may deem appropriate.

3. The Court may adjourn the Settlement Hearing without further notice to the Class, and may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Class.

4. Pursuant to the Settlement Agreement, the Settling Parties have proposed certification of the following Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure: "all persons and entities who purchased or otherwise acquired publicly traded Trinity common stock between February 16, 2012 and April 24, 2015, inclusive (the "Class Period"), and were damaged thereby." Excluded from the Class are: (i) Defendants; (ii) the Immediate Family Members of the Individual Defendants; (iii) the officers and directors of Trinity during the Class Period and their Immediate Family Members; (iv) any parents, subsidiaries, or affiliates of Trinity; (v) any firm, trust, corporation, or other entity in which any Defendant has, or had during

3

the Class Period, a controlling interest; and (vi) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity. Also excluded from the Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

5.      The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Class for purposes of the proposed Settlement. Specifically, the Court finds that each element required for certification of the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (a) the members of the Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

6.      The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify Lead Plaintiffs as Class Representatives for the Class and appoint Lead Counsel as Class Counsel for the Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

7.      The Court approves the form, substance and requirements of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim

and Release, substantially in the forms annexed hereto as Exhibits A-1 and A-2, respectively.

8.     The Court approves the Summary Notice, substantially in the form annexed hereto as Exhibit A-3.

9.     The Court appoints the firm Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)     Defendants and their counsel shall provide within five (5) business days following the entry of this Order, and without any charge to Plaintiffs, the Class, Plaintiffs' Counsel, or the Claims Administrator, shareholder lists, as appropriate for providing notice to the Class;

(b)     Not later than fourteen (14) calendar days after the Court signs and enters this Order (the "Notice Date"), the Claims Administrator shall commence mailing of the Notice and Proof of Claim and Release, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, by First-Class Mail to all Class Members who can be identified with reasonable effort and shall also cause the Notice and Proof of Claim and Release to be posted on the Settlement website at www.TrinitySecuritiesSettlement.com;

(c)     Not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and once over the *PR Newswire*; and

(d)     Not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and posting.

10.     Nominees who purchased or otherwise acquired Trinity common stock ("Securities") for the benefit of another Person during the Class Period, shall be requested to send the Notice and Proof of Claim and Release to such beneficial owners of Trinity common stock within seven (7) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) calendar days of receipt thereof, in which event the Claims Administrator shall promptly send the Notice and Proof of Claim and Release to such beneficial owners.

11.     Other than the cost, if any, of providing shareholder lists to Lead Counsel and/or the Claims Administrator as required by ¶5.2 of the Settlement Agreement, all fees, costs, and expenses incurred in identifying and notifying members of the Class shall be paid from the Settlement Fund and in no event shall any of the Released Parties bear any responsibility for such fees, costs, or expenses.

12.     All members of the Class (except Persons who request exclusion pursuant to ¶15 below) shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a

6

Proof of Claim and Release form or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

13. Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim and Release must be postmarked or submitted electronically no later than one hundred twenty (120) calendar days from the Notice Date. Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

14. Any member of the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of the Class Member's own choice. If a Class Member does not enter an appearance, he, she, or it will be represented by Lead Counsel.

15. Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than twenty-one (21) calendar days before the Settlement Hearing. A Request for

Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases, acquisitions and sales of Trinity Securities from February 16, 2012, through and including April 24, 2015, including the dates, the amount of Trinity Securities purchased, acquired, or sold, and price paid or received for each such purchase, acquisition, or sale; and (c) that the Person wishes to be excluded from the Class in *Isolde v. Trinity Industries, Inc.*, No. 3:15-CV-02093 (N.D. Tex.).  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Agreement or any Final Judgment.

16.    Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, within the later of two (2) business days of Lead Counsel's receipt or seven (7) calendar days prior to the Settlement Hearing.

17.    Any member of the Class may appear and object if he, she, or it has any reason why the proposed Settlement of the Action should not be approved as fair, reasonable and adequate, or why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, why attorneys' fees and expenses should not be awarded to counsel for Plaintiffs for their service to the Class or why costs and expenses should not be awarded to Plaintiffs; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered

8

thereon approving the same, or the order approving the Plan of Allocation, or any attorneys' fees and expenses to be awarded to Plaintiffs' Counsel, unless written objections and copies of any papers and briefs are received by Nathan R. Lindell, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101 and Meryl L. Young, Gibson, Dunn & Crutcher LLP, 3161 Michelson Drive, Irvine, CA 92612, on or before twenty-one (21) calendar days before the Settlement Hearing; and said objections, papers, and briefs are filed with the Clerk of the United States District Court for the Northern District of Texas, on or before twenty-one (21) calendar days before the Settlement Hearing. The objection must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (c) contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (d) include documents sufficient to prove membership in the Class, consisting of documents showing the number of Trinity Securities that the objector (i) owned as of the opening of trading on February 16, 2012, and (ii) purchased/acquired and/or sold during the Class Period (*i.e.*, between February 16, 2012 and April 24, 2015, inclusive), as well as the dates, number of Trinity Securities and prices for each such purchase/acquisition and sale. Documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an

9

authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

18.    The objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class, and also state with specificity the grounds for the objection.  Any member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, to the Plan of Allocation, and to the award of attorneys' fees and expenses to Plaintiffs' Counsel and to any award of costs and expenses to Plaintiffs, unless otherwise ordered by the Court.

19.    All funds held by the Escrow Agents shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

20.    All papers in support of the Settlement, Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses and for costs and expenses for Plaintiffs, shall be filed and served no later than thirty-five (35) calendar days prior

to the Settlement Hearing, and any reply papers shall be filed and served no later than seven (7) calendar days before the Settlement Hearing.

21.     The Released Parties shall have no responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

22.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees and expenses and for the costs and expenses of Plaintiffs, should be approved.

23.     All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Settlement Agreement.  In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶2.7 or 2.8 of the Settlement Agreement.

24.     Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any of the Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

25.     All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.  Pending final determination of whether the Settlement

11

should be approved, neither the Plaintiffs nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any of the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims.

26.     The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the members of the Class, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶2 above, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

SO ORDERED.

Signed  November 12, 2019.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE